UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

Russeline Miles,

Defendant.

Criminal No. 06-306
(Magistrate No. 06-410M-02)
TFH/DAR

FILED

OCT 16 2006

NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MEMORANDUM OF FINDINGS OF FACT AND STATEMENT OF REASONS IN SUPPORT OF ORDER OF DETENTION

## I. INTRODUCTION

Defendant is charged with unlawfully, knowingly and intentionally distributing and possessing with intent to distribute a mixture and substance containing a detectable amount of cocaine in violation of 21 U.S.C. § 841(a)(1). A consolidated preliminary and detention hearing was conducted by the undersigned United States Magistrate Judge on October 2, 2006.

Upon consideration of the evidence adduced at the hearing, the proffers and arguments of counsel and the entire record herein, the Defendant was ordered held without bond pursuant to 18 U.S.C. § 3142(e). The findings of fact and statement of reasons in support of the Order of Detention follow.

## II. THE BAIL REFORM ACT

The Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq. (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions [of release] will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. United States v. Salerno, 481 U.S. 739, 755 (1987);

United States v. Miles                                                                    2

United States v. Simpkins, 826 F.2d 94, 98 (D.C. Cir. 1987); United States v. Perry, 788 F.2d

100, 113 (3d Cir.1986); United States v. Sazenski, 806 F.2d 846, 848 (8th Cir. 1986).

Where the government seeks pretrial detention on the ground that no condition or

combination of conditions will reasonably assure the appearance of Defendant as required, it has

the burden of establishing by a preponderance of the evidence that the Defendant will flee before

trial if released. United States v. Vortis, 785 F.2d 327, 328-29 (D.C. Cir.), cert. denied, 479 U.S.

841 (1986). The judicial officer must determine that "it is more likely than not that no condition

or combination of conditions will reasonably assure an accused's appearance." United States v.

Westbrook, 780 F.2d 1185, 1188-89 (5th Cir. 1986).

In determining whether there are conditions of release which will reasonably assure the

appearance of the person as required and the safety of any other person and the community, the

judicial officer shall take into account the available information concerning (1) the nature and

circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3)

the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any

person or to the community which would be posed by the defendant's release. 18 U.S.C.

§ 3142(g).

A rebuttable presumption that no condition or combination of conditions will reasonably

assure the appearance of the defendant as required and the safety of any other person and the

community arises if the judicial officer finds that there is probable cause to believe that the

defendant committed an offense under the Controlled Substances Act, 21 U.S.C. § 801 et seq.,

for which a maximum period of incarceration of ten years or more is prescribed.

## III.  DISCUSSION

United States v. Salazar                                                                              3

The government's sole witness was Detective Lavinia Quigley of the Metropolitan Police Department (MPD). Detective Quigley testified that on August 29, 2006, an undercover police officer made a phone call to Defendant Michael Richards and made arrangements to buy 62 grams of cocaine base for $2,400.00 outside 65 Hawaii Avenue, N.E., Washington D.C. While the undercover officer was on the phone with Defendant Richards, Defendants Christopher Fleming and Russeline Miles entered the officer's car. Detective Quigley testified that the undercover officer was told by Defendant Richards that Defendants Fleming and Miles were "family," and then Fleming gave the officer the drugs and the officer then gave Miles the money. After Defendant Miles counted the money both she and Fleming left the car.

Detective Quigley testified that the MPD sought to execute a search warrant at Apartment 202 at 65 Hawaii Avenue, N.E., on September 26, 2006. In addition, the undercover officer called Defendant Richards to make arrangements for a purchase of 62 grams of cocaine base on the same day. When the police arrived to search the apartment, they found Defendant Miles outside along with Defendants Fleming and Richards. Detective Quigley testified that when Defendant Miles was approached by the police she told them that she had a large amount of cocaine base in her breast area. Detective Quigley testified that later, Defendant Miles said that she had been working with Defendants Fleming and Richards selling cocaine base for about the last 18 months. Detective Quigley testified that all the cocaine base they bought field-tested positive for cocaine.

Counsel for the government, in further support of the government's request for pretrial detention, proffered that the Pretrial Services Agency report indicated that Defendant Miles has two convictions for violations of the Bail Reform Act of 1984. Defendant Miles also has several other drug convictions.

United States v. Salazar                                                                                    4

      In opposition to the government's request for pretrial detention, Defendant, through her

counsel, proffered that Defendant is employed, has no pending cases, and is a life-long resident

of Washington, D.C.

## IV. FINDINGS OF FACT

      Upon consideration of the factors enumerated at Section 3142(g) of the Act, the

undersigned finds by a preponderance of the evidence that no condition or combination of

conditions would reasonably assure Defendant's appearance. First, the nature and circumstances

of the offense charged indicate that the Defendant was engaged in the distribution of a cocaine

base.

      Second, for the reasons proffered by counsel for the government, the undersigned finds

that the weight of the evidence against the Defendant is compelling.

      Third, Defendant's history and characteristics militate against pretrial release. Of

particular significance is that Defendant has two prior convictions for violations of the Bail

Reform Act of 1984.

      Finally, the undersigned is satisfied that the toll which trafficking in cocaine base has

taken and continues to take upon this community is well-documented and need not be repeated

here. The undersigned finds that the evidence compels the conclusion that Defendant is not

amendable to community supervision.

      The undersigned has carefully considered Defendant's proffer of evidence, and finds that

it is insufficient to rebut the presumption of fugitivity. United States v. Alatishe, 768 F.2d 364,

371 (D.C. Cir. 1985).

United States v. Salazar                                                                           5

## V. **CONCLUSION**

On the basis of the foregoing findings of fact and reasons, Defendant will be held without

bond pursuant to the October 2, 2006 Order of Detention.

DEBORAH A. ROBINSON
United States Magistrate Judge

October 16, 2006
DATE

October 2, 2006
NUNC PRO TUNC