UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ] | |
| | ] | |
| v. | ] | Criminal No. 06-cr-306 (2) |
| | ] | Judge Sullivan |
| MICHAEL RICHARDS, et al. | ] | |
| | ] | |

**DEFENDANT MILES' MOTION TO SUPPRESS EVIDENCE AND STATEMENTS
AND MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT THEREOF**

Defendant Russeline Miles, through undersigned counsel, respectfully moves this Court to suppress as evidence against her any and all evidence and statements obtained as a result of her unlawful seizure and questioning by officers of the Metropolitan Police Department on August 29, 2006.

As grounds for this motion, defendant states the following:

1. On August 29, 2006, at approximately 7 pm, Metropolitan Police Department officers were seeking to execute a search warrant at 65 Hawaii Ave., N.E., apartment 2. Officers saw Ms. Miles outside the building.

2. Metropolitan Police Department officers, who did not have an arrest warrant, seized Ms. Miles and asked her questions. They also searched her, and allegedly recovered contraband on her person.

1

3.      They then took her to police detention building, where they further interrogated her.

4.      Warrantless arrests and searches are unreasonable under the Fourth Amendment unless they fall within one of a few, carefully delineated exceptions. Katz v. United States, 389 U.S. 347, 357 (1967).  Matter of B.K.C., 413 A.2d 894, 902 (D.C. Ct. App. 1980).

The evidence at the hearing will show that at the time of the initial police seizure of Ms. Miles, they had no warrant for Ms. Miles' arrest.  Therefore, any evidence or statements obtained pursuant to their illegal seizure should be suppressed.  Wong Sun v. United States, 371 U.S. 471 (1963).

5.      The evidence at the hearing will also show that the police had no valid reason to accost Ms. Miles.  At the time the police searched Ms. Miles they lacked adequate justification to seize and search her.    Terry v. Ohio, 393 U.S. 1 (1968). Any evidence obtained pursuant to the illegal stop, arrest and search should be suppressed.  Wong Sun v. United States, 371 U.S. 471 (1963).

6.      Statements made by exploiting an illegal arrest are inadmissible. See Brown v. Illinois, 422 U.S. 590, (1975) (statement made by defendant less than two hours after him illegal arrest inadmissible, even though statement preceded by Miranda warnings).  Here, the police followed up their illegal seizure with questions designed to incriminate the defendant, both immediately after the seizure, and when she was removed to another building and questioned.

7. The statements made by Ms. Miles should also be suppressed because they were elicited in violation of the requirements of Miranda v. Arizona, 384 U.S. 436 (1966). Circumstances which will show that Ms. Miles did not knowingly and intelligently waive her rights include her lack of familiarity with her rights, and the intimidating conditions surrounding her seizure and subsequent questioning by police officers.

8. The statements allegedly made by Ms. Miles should also be suppressed because they were made involuntarily. The burden is on the government to demonstrate that any statements were voluntarily made by the defendant. Lego v. Twomey, 404 U.S. 477 (1972). The court must consider the totality of the circumstances surrounding a confession to determine voluntariness. Clewis v. Texas, 386 U.S. 707 (1967). The confession is not admissible unless is "the product of an essentially free and unconstrained choice by its maker." Columbe v. Connecticut, 367 U.S. 568, 602 (1961) (plurality opinion), approved in Schneckloth v. Bustamonte, 412 U.S. 218, 225-26 (1973). The circumstances here that will demonstrate that the government will not be able to carry its burden include the timing and location of the questioning.

WHEREFORE, for these and such other reasons as may be advanced at a hearing on this motion, the defendant respectfully requests that the evidence and statements be suppressed. A hearing on this motion is respectfully requested.

Respectfully submitted,

_____
Joanne D. Slaight, #332866
717 5th Street, N.W.
Washington, DC  20001
Phone (202) 408-2041

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ]<br>]<br>v.   ]<br>]<br>MICHAEL RICHARDS, et al.   ]<br>] | Criminal No.   06-cr-306 (2)<br>(Sullivan) |

### ORDER

Upon motion of defendant Russeline Miles to suppress evidence and statements, and for good cause shown, it is, this _____ day of _____, 2007, hereby

ORDERED, that the motion is GRANTED.

_____

JUDGE

Date: